**UNITED STATES BANKRUPTCY COURT**
**DISTRICT OF SOUTH CAROLINA**

| | |
|---|---|
| IN RE: | C/A No. 16-06515-DD |
| Lee Michael Wood, | Chapter 7 |
| Debtor. | **ORDER DENYING MOTION TO DISMISS CASE** |

This matter is before the Court on a motion to dismiss this chapter 7 case, filed by Lee Michael Wood ("Debtor") on February 21, 2017 [Docket No. 18]. Michelle L. Vieira, the chapter 7 trustee assigned to Debtor's chapter 7 case ("Trustee"), filed an objection to the motion to dismiss on March 15, 2017 [Docket No. 27]. A hearing was held on Debtor's motion on April 18, 2017. At the conclusion of the hearing, the Court took the matter under advisement. The Court now issues this Order.

**FINDINGS OF FACT**

1.   Debtor filed his chapter 7 case on December 29, 2016.

2.   Debtor's Schedule A/B, filed with his petition, lists Debtor's only real property interest as a fee simple interest in a condominium located at 36 Deallyon Avenue #23, Hilton Head Island, SC 29928.

3.   At the meeting of creditors on January 26, 2017 Trustee questioned Debtor and discovered that he also owned a one-third interest in a condominium located at 36 Deallyon Avenue, #77, Hilton Head Island, SC 29928 (the "Condo").[1] Trustee continued Debtor's meeting of creditors and requested that Debtor amend his schedules to reflect any and all property interests that Debtor might have.

---

[1] Debtor's mother and sister also each own a one-third interest in the Condo.

4. Debtor filed an amended Schedule A/B on February 21, 2017, listing an interest in the Condo, as well as a half interest in property located at 5761 Aiken Avenue, Mayville, NY (the "New York Property").[2]

5. Debtor filed amended schedules again on March 16, 2017, to list a line of credit with Bank of America, secured by the Condo, in the amount of $79,000.00. This is the only lien on the Condo. The New York Property is unencumbered.

6. Debtor filed his motion to dismiss his chapter 7 case on February 21, 2017, asserting that cause existed to dismiss his chapter 7 case because his case was filed based on an innocent mistake of fact. He maintains that he was unaware prior to the questioning by Trustee at his meeting of creditors that he had any interest in the Condo or the New York Property and that, had he been aware of his interests in those properties, he would not have filed the chapter 7 bankruptcy case.

7. Trustee filed her objection to the motion to dismiss, asserting that both the Condo and the New York Property have significant value, such that they can be sold for the benefit of creditors. Trustee argues that creditors will be prejudiced if the case is dismissed because it would be cost prohibitive for creditors to attempt to liquidate Debtor's interest in these properties using their available state court remedies.

8. Debtor testified that he does not have the current ability to pay his creditors outside of bankruptcy. Debtor testified that he currently drives for Uber and bartends at a restaurant in Hilton Head.

9. Debtor's mother, Albina Wood, also testified at the hearing on the motion to dismiss. Ms. Wood lives approximately half the year in the Condo and half the year in the New

---

[2] Debtor's mother owns the other half interest in the New York Property.

York Property. She purchased both properties, maintains both properties, and pays all bills for both properties.

10. Debtor testified that he spends about one week each year visiting the New York Property. However, Debtor testified that he does not receive any other benefit, financial or otherwise, from either property.

11. Ms. Wood testified that she conveyed interests in the Condo and the New York Property to Debtor as an estate planning technique. She stated that she wanted to keep the properties in the family and ensure that her children eventually inherited them.

12. Debtor testified that he signed papers at his family members' request from time to time, but that he has no recollection of signing documents specifically related to the conveyance of the interests in the properties, nor does he have any recollection of signing any documents related to the line of credit with Bank of America. Debtor testified that he did not pay anything to receive the interests in the Condo and the New York Property.

13. Debtor testified at the hearing on his motion to dismiss that the reason for his bankruptcy filing was excessive debt relating to a produce distribution business he owned and operated, Paulie's Produce Company, LLC.

14. On his schedules Debtor has listed secured debts for his condo located at 36 Deallyon Avenue #23, two debts secured by vehicles, the line of credit on the Condo, and unsecured debts in the total amount of $138,575.58.

## **CONCLUSIONS OF LAW**

Debtor seeks to dismiss his chapter 7 case pursuant to 11 U.S.C. § 707(a), which provides:

The court may dismiss a case under this chapter only after notice and a hearing and only for cause, including –
(1) unreasonable delay by the debtor that is prejudicial to creditors;
(2) nonpayment of any fees or charges required under chapter 123 of title 28; and

3

> (3) failure of the debtor in a voluntary case to file, within fifteen days or such additional time as the court may allow after the filing of the petition commencing such case, the information required by paragraph (1) of section 521(a), but only on a motion by the United States trustee.

Another Judge in this District, in considering a motion to dismiss a chapter 7 case, has stated:

> While a debtor is free to file for bankruptcy protection, he does not enjoy the same discretion to withdraw his case once it has been commenced. The debtors must make a showing of cause to dismiss their voluntary case. "Unlike a Chapter 13 bankruptcy case, where the debtor has an absolute right to dismissal, a debtor has no corresponding right to dismiss a Chapter 7 petition." . . . "[A]dequate cause to dismiss does not necessarily exist upon a showing by the debtor of his ability to pay debts." The most important consideration is the best interests of creditors.

*In re Kirven*, 188 B.R. 15, 16 (Bankr. D.S.C. 1994) (internal citations omitted). *See also In re Thrower*, 2014 WL 1873399, at *3 (Bankr. W.D.N.C. May 8, 2014) ("[T]o voluntarily dismiss a case, a debtor must make a showing of cause and demonstrate why a dismissal is justified. A Chapter 7 debtor has no absolute right to dismissal of his or her case, and the motion to dismiss should be denied if the dismissal would result in prejudice to the creditors.") (citations omitted). Prejudice to creditors that would result from the dismissal must be balanced against the interests of the debtor. *In re Hopper*, 404 B.R. 302, 308 (Bankr. N.D. Ill. 2009) ("Courts have considered the following general factors when determining whether there is sufficient cause to justify dismissal: (1) whether dismissal is in the best interest of the debtor; (2) whether dismissal is in the best interest of the creditors; (3) whether dismissal would result in an abuse or manipulation of the system; and (4) whether dismissal is justified by compelling equitable principles.").

Debtor argues that cause for dismissal exists in his case because he has not acted in bad faith in any way. He argues that his lack of knowledge regarding his interests in the Condo and the New York Property were innocent mistakes of fact. He also argues that his mother will be significantly prejudiced if Trustee is allowed to sell the Condo and the New York Property, because she worked hard to purchase the properties and uses them as her residences.

4

Debtor relies on *In re Segal*, 527 B.R. 85 (Bankr. E.D.N.Y. 2015), a recent Eastern District of New York bankruptcy case in which a chapter 7 debtor's motion to dismiss was denied. Debtor argues that in *Segal*, the debtor's motion to dismiss was denied based on his bad faith conduct and it can be inferred that absent the bad faith conduct the *Segal* court would have found grounds for dismissal of the debtor's case. The Court disagrees with this reading of *Segal*.

In *Segal*, the debtor instructed his attorney to file an emergency chapter 7 petition, which did not contain his signature. *Segal*, 527 B.R. at 88-89. Subsequently, the debtor repeatedly refused to cooperate with the chapter 7 trustee and the court, by failing to appear at hearings, including a show cause hearing, and by failing to file schedules. *Id.* at 89-90. The debtor then filed a motion to dismiss his case, arguing that his failure to sign the petition was a fatal defect to the filing, and further, that he never authorized his attorney to file a chapter 7 case on his behalf. *Id.* at 90. The court denied the debtor's request to dismiss his case, finding that the debtor's signing of an amended chapter 7 petition filed in the case and his post-petition conduct during the case ratified the chapter 7 filing, that the court should not reward the debtor's bad faith conduct, and that dismissal of the debtor's case was neither in the best interest of the debtor nor the creditors. *Id.* at 93-96. Nowhere in the court's opinion did it indicate that allowing a debtor's request for dismissal would be appropriate in the absence of any bad faith conduct by the debtor. Additionally, the court in *Segal* noted, "Voluntary dismissal may be inappropriate where a debtor 'has no ability to pay his creditors upon dismissal.'" *Segal*, 527 B.R. at 93 (quoting *In re Bruckman*, 413 B.R. 46, 53 (Bankr. E.D.N.Y. 2009)). Here, Debtor has conceded that he does not presently have the ability to pay his creditors outside bankruptcy. *Segal* does not support the dismissal of Debtor's case.

5

It is true that there are cases in which courts have granted a chapter 7 debtor's motion to dismiss based in part on a mistake of fact. However, in these cases, another element is also present which, taken together with the mistake of fact, constitutes cause for dismissal. For example, in *In re Herrera*, 554 B.R. 262 (Bankr. D.N.M. 2016), the court granted a debtor's motion to dismiss his chapter 7 case because, in part, the debtor had "significant cognitive disabilities, which prevented him from understanding the nature and effect of filing th[e] bankruptcy case" and had received poor advice from friends, who convinced him to file the bankruptcy case. In *In re Hull*, 339 B.R. 304 (Bankr. E.D.N.Y. 2006), the court allowed the debtor to dismiss her chapter 7 case after she discovered that her personal injury claim was an asset of the bankruptcy estate, because she filed pro se and did not understand the full consequences of filing a bankruptcy case, because she was under extreme stress at the time of the filing due to domestic violence, and because concern for her personal safety was going to require her to relocate outside of the district. In *In re Heatley*, 51 B.R. 518 (Bankr. E.D. Pa. 1985), the court allowed the debtor to dismiss her chapter 7 case because after her bankruptcy filing, the Pennsylvania Homeowner's Emergency Assistance Act was enacted, which would likely allow the debtor to save her home from foreclosure and, if in existence at the time she filed, would have prevented her from filing the bankruptcy case. The *Heatley* court also found, as additional cause for dismissal, that the debtor had gotten an increase in her income since the filing of her bankruptcy case and therefore would be able to repay her creditors outside of the bankruptcy, and that creditors would not be significantly prejudiced by the dismissal of the case. *Id.* at 520-21.

Unlike these cases, in Debtor's case, no additional circumstances exist that would constitute cause for dismissal. Debtor testified that he receives no benefit from the Condo or the New York Property, other than his vacation time spent at the New York Property each year. Thus,

6

Trustee's sale of those properties to pay Debtor's creditors will not constitute direct harm to Debtor. Debtor's purpose for filing the bankruptcy case was to obtain a discharge of his excessive debt relating to his produce distribution business; he would not receive such a discharge if his motion is granted. Thus, it appears that it is not in Debtor's best interest for the bankruptcy case to be dismissed.

Further, creditors will be significantly prejudiced if the bankruptcy case is dismissed. Debtor testified that he does not presently have the ability to repay his creditors outside of the bankruptcy, nor does he intend to sell his interests in the Condo or the New York Property to do so. Resort to state court collection remedies by those creditors would be timely and cost prohibitive and thus unrealistic. However, if the bankruptcy case proceeds, creditors will receive pro rata distributions from the proceeds of the sales of the Condo and the New York Property. It is in creditors' best interests for Debtor's motion to be denied.

Debtor argues that the prejudice to his mother, who purchased the properties and maintains and resides in them, should be considered by the Court as well. While the Court is sympathetic, the main focus in considering a chapter 7 debtor's motion to dismiss is on the debtor's and the creditors' best interests. Here, the best interests of both Debtor and the creditors mandate that Debtor's motion be denied.

## CONCLUSION

For the reasons set forth above, Debtor's motion to dismiss his chapter 7 bankruptcy case is denied.  Trustee may proceed with administration of the case.

AND IT IS SO ORDERED.

**FILED BY THE COURT
04/21/2017**



David R. Duncan
Chief US Bankruptcy Judge
District of South Carolina

Entered: 04/24/2017